MARY K. SEAVER, JULIA M. SEAVER and LAWRENCE A. SEAVER, as Executrices, Executor and Trustees under the Last Will and Testament of MARIA SEAVER, Deceased, Respondents, v. THE STATE OF NEW YORK, Appellant.. (Claim No. 23771.) — The State of New York has appealed from a judgment of the Court of Claims on the sole ground that the award to claimants is excessive. On May 9, 1933, the State appropriated lands belonging to claimants having an area of 21,463 square feet. On the trial proof on behalf of claimants established a value of eighty-eight cents per square foot for the land appropriated. A witness on behalf of the State fixed the value at twenty-five cents per square foot. Another witness valued it at thirty cents per square foot. The court made an award in the sum of $12,000 which approximates fifty-six cents per square foot. There is evidence to sustain the finding of the court below. Judgment unanimously affirmed, with costs to respondents. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

UDELL PENSKI, Appellant, v. FANNIE JACOBS, KUPPERSMITH & KELMAN, INC., LOUIS KELMAN and A. & L. INC., as Successor in Interest of ABE KUPPERSMITH, Respondents.— Appeal from a judgment of the Supreme Court entered in the office of the clerk of Sullivan county upon a decision of the court after trial without a jury dismissing the complaint herein on the merits. The action is in equity and is brought to set aside a judgment, sale and deed in foreclosure and to restore the lien of plaintiff's junior mortgage as it existed before such foreclosure action. The foundation of the plaintiff's claim is an alleged conspiracy among the defendants herein by which it was arranged that the defendant Fannie Jacobs should bring an action to foreclose her second mortgage against the property in question for the purpose of wiping out and foreclosing the plaintiff of any rights in the third mortgage held by her. It is also alleged that because of fraudulent statements made by and in behalf of the defendant Fannie Jacobs to plaintiff the plaintiff was prevented from bidding in the property upon the foreclosure sale and sustained damages thereby. The court found that the institution of the foreclosure action and the sale was not the result of any conspiracy among the defendants and refused to find that plaintiff was prevented from bidding in the property upon the foreclosure sale by any fraudulent statement made by and in behalf of Fannie Jacobs. The evidence sustains the decision and judgment. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.